IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIAM P. RIDDICK, MARY G. RIDDICK, AND JESS L. MAYFIELD, AS TRUSTEE FOR RIDDICK FAMILY 76 TRUSTS | § § § § § § | NO. __5:17-cv-00666_____ JURY DEMAND |
| v. | § § | |
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD AND WES WERNEKING | | |

## DEFENDANT NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, National Fire Insurance Company of Hartford files this Notice of Removal to the United States District Court for the Western District of Texas, San Antonio Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

1.  On June 6, 2017, Plaintiffs, William P. Riddick, Mary G. Rikkick, and Jess L. Mayfield, as Trustee for Riddick Family 76 Trusts, filed its Original Petition in the matter styled *William P. Riddick, Mary G. Riddick, and Jess L. Mayfield, as Trustee for Riddick Family 76 Trusts v. National Fire Insurance Company of Hartford and Wes Werneking*, Cause No. 2017CI10353, in the 150th Judicial District Court of Bexar County, Texas. The lawsuit arises out of a claim Plaintiffs made for damages to their property under an insurance policy with National Fire Insurance Company of Hartford.

2. Plaintiffs served National Fire Insurance Company of Hartford with a copy of the original Petition on or about June 20, 2017. As of the date of this filing, Plaintiffs have not issued service of the original Petition to Wes Werneking.

3. National Fire Insurance Company of Hartford filed its Original Answer on July 17, 2017.

4. Wes Werneking filed its Original Answer on July 17, 2017.

5. National Fire Insurance Company of Hartford files this notice of removal within 30 days of receiving Plaintiff's pleading. *See* 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action.

6. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiffs.

7. As required by 28 U.S.C. § 1446(a), simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an Index of State Court Documents, a copy of the Docket Sheet is attached as Exhibit "B," a copy of Plaintiffs' Original Petition and Requests for Disclosure is attached as Exhibit "C", a copy of Civil Case Information Sheet is attached as Exhibit "D", a copy of the Citation is attached as Exhibit "E", a copy of the Service Return is attached as Exhibit "F", a copy of National Fire Insurance Company of Hartford's Original Answer is attached as Exhibit "G", a copy of Wes Werneking's Original Answer is attached as Exhibit "H."

8. In accordance with Rule CV-3 of the Local Rules of the United States District Court for the Western District of Texas, National Fire Insurance Company of Hartford is filing a

completed Civil Cover Sheet and Supplement to Civil Cover Sheet with the filing of this Notice of Removal.

9. Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division include Bexar County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## II.

## BASIS FOR REMOVAL

10. Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

A. THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP

11. Plaintiffs, William P. Riddick, Mary G. Riddick and Jess L. Mayfield are, and were at the time the lawsuit was filed, a resident and citizen of Texas. *See* Pl's Original Pet., Section I., p. 1, Exhibit A. Therefore, Plaintiffs are citizens of Texas for diversity purposes.

12. Defendant National Fire Insurance Company of Hartford is an Illinois corporation with its principal place of business in Illinois. Therefore, National Fire Insurance Company of Hartford is a citizen of Illinois for diversity purposes.

13. Upon information and belief, Defendant Wes Werneking ("Werneking") is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. With respect to the claims against Werneking, it is National Fire Insurance Company of Hartford's position that Werneking has been fraudulently joined in this action. Therefore, the Texas citizenship of Werneking should be disregarded for the purposes of evaluating diversity in this matter.

*14.* When fraudulent joinder is asserted, the Court must apply the federal pleading standard, which requires the plaintiff to plead enough facts "to state a claim to relief that is

plausible on its face." *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.,* 818 F.3d 193, 207-08 (5th Cir. 2016); see also *Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007).* The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

15. Here, Plaintiffs assert generic claims against Werneking for violations of the Texas Insurance Code § 541 and the DTPA (Pl.'s Orig. Pet., Section VII, VIII and XII, Exhibit A). Based on Plaintiffs' pleading, there is no basis for predicting that Plaintiffs might be able to establish liability against Werneking because no real facts relating to him have been set forth. See *McClelland v. Chubb Ins. Co. of Texas,* 2016 WL 5791206, 5:16-cv-00108 (W.D. Tex. September 30, 2016). Plaintiffs' claims against Werneking consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. Additionally, Werneking cannot be held liable under Tex. Ins. Code Ann. §§541.060(a)(1), 541.060(a)(2), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), or 541.060(a)(7). *See Ministerio Intern'l Lirios Del Valle v. State Farm Lloyds*, 2016 WL 5791550, 3:16-cv-1212-D (N.D. Tex. October 4, 2016) Moreover, Plaintiffs have failed to allege specific duties owed by or actual facts of actionable conduct or misrepresentation against Werneking. *See McClelland v. Chubb Ins. Co. of Texas,* 2016 WL 5791206, 5:16-cv-00108 (W.D. Tex. September 30, 2016). As Plaintiffs have failed to allege specific duties owed by or actual facts of actionable conduct or misrepresentation against Werneking, his presence should be disregarded in determining diversity jurisdiction.

16. Because Plaintiffs are citizens of Texas and Defendant National Fire Insurance Company of Hartford is a citizen of Illinois, complete diversity of citizenship exists among the proper parties.

B.   **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

17.   This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiffs' Petition expressly alleges that "in which Plaintiff seeking monetary over $200,000 but less than $1,000,000" (Pl.'s Orig. Pet., Introductory Paragraph, Exhibit A).  Thus, the express allegations in the Petition exceed the amount in controversy threshold of $75,000.00.

## CONCLUSION AND PRAYER

All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441.  Accordingly, Defendant National Fire Insurance Company of Hartford hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ *Anthony S. Cox*
Anthony S. Cox
Texas Bar No. 04935000
Anthony.Cox@cna.com
**CNA COVERAGE LITIGATION GROUP**
700 N. Pearl Street, Suite 450
Dallas, Texas 75201
(214) 220-5910 – Direct Dial
(214) 220-5902 – Facsimile

**ATTORNEYS FOR DEFENDANT
NATIONAL FIRE INSURANCE COMPANY
OF HARTFORD**

## CERTIFICATE OF SERVICE

The undersigned does certify that on July 20, 2017, the foregoing *Defendant National Fire Insurance Company of Hartford's Notice of Removal* was electronically filed, as required by the United States District Court for the Western District of Texas, San Antonio Division, using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Western District of Texas, San Antonio Division.

>Robert W. Loree, Esq.
>LOREE & LIMSCOMB
>The Terrace at Concord Park
>777 E. Sonterra Blvd., Ste. 320
>San Antonio, Texas 78258
>Telephone:  (210) 404-1320
>Facsimile:  (210) 404-1310
>E-Mail: rob@lhllawfirm.com
>
>*Attorney for Plaintiffs*

/s/ *Anthony S. Cox*
Anthony S. Cox